## BENSON v. CONNORS.

1. **Water-courses:** DECREE IN RELATION TO: CONSTRUCTION OF. A decree enjoining defendant from obstructing the flow of water, and which found that there was a "water-channel," a "natural channel," and the "natural flow of water therein," *held* conclusive, as between the parties, that it was a natural stream, and not a mere surface-water channel.

2. **Former Aujudication:** WHAT FACTS ESTABLISHED BY. Where the court finds that "the equity of the case is with the plaintiff," and renders its decree accordingly, this is equivalent to finding that the allegagations of the petition are true, at least so far as necessary to entitle plaintiff to the relief awarded.

3. **Water-courses:** DECREE RESTRAINING DIVERSION OF: NO BAR TO SUBSEQUENT ACTION FOR DAMAGES: RES ADJUDICATA. A decree restraining defendant from diverting water from its natural channel, so as to cause it to flow over plaintiff's land, is no bar to a subsequent action for damages caused to plaintiff by defendant's neglect to observe the injunction, although damages were also claimed in the first action; but, where the nature of the channel and the fact of the diversion have been already adjudicated in the injunction case, the jury may properly be instructed, in the subsequent case, that they have nothing to do except to ascertain the amount of plaintiff's damages, if any.

*Appeal from Cass Circuit Court.*

FRIDAY, JUNE 6.

THE plaintiff and the defendant own adjoining farms. In 1877, the plaintiff commenced an action for damages against the defendant for changing the natural flow of the water from defendant's premises upon and over the plaintiff's land, and for an injunction to restrain the defendant from thereafter diverting a water-course from its natural channel, so as to overflow and run upon plaintiff's farm. A temporary injunction was granted, and, upon the final hearing of the cause, the injunction was made perpetual at the defendant's cost. No award of damages was made. This action was commenced in 1881 for damages for the alleged violation of the injunction in continuing to flow said water on plaintiff's land, by

keeping open a certain ditch or channel. The defendant answered by denying generally each and every allegation of the petition. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*L. L. DeLano* and *E. Willard*, for appellant.

*A. S. Churchill*, for appellee.

ROTHROCK, CH. J.—There is contention between the parties as to what was adjudicated between them in the former
1. WATER-
courses: de-
cree in rela-
tion to: con-
struction of.
action. The decree in that case was as follows: "Be it remembered that, on this second day of this term, this 16th day of April, 1878, this cause coming on to be heard, and the court being advised in the premises, the court finds from the allegations of the parties, proofs in the case, and the agreement of the parties, that the equity of the case is with the plaintiff. And it is therefore ordered and decreed that the injunction heretofore issued be, and the same is, made perpetual, and said defendant is perpetually and forever enjoined from diverting the water-course and water therein on the southeast $\frac{1}{4}$ of the northwest $\frac{1}{4}$ of section 29, township 77, range 36, in Cass county, Iowa, from its natural course, running in a south and southeast direction across said land, and from turning the water from said land through any artificial channel, or otherwise, upon the land of plaintiff, and from interfering with plaintiff in his lawful and proper efforts to return said water to the natural channel and course through said land of defendant and off plaintiff's land, and in confining said water to the original channel on and over defendant's lands; and defendant is hereby enjoined from obstructing said original channel, and from keeping the same obstructed, and from so plowing or ditching his land as to cause the said water to leave the said original channel and flow upon or across said lands of plaintiff."

The court instructed the jury to the effect that the decree settled conclusively the fact that a natural water-course ex-

isted on defendant's land, and that said water-course did not originally enter or flow upon the plaintiff's land; and that the decree and record in the case settled and established the fact that the water-course was wrongfully diverted by defendant to and upon the plaintiff's land; and that the only question for the jury to determine in this case was the amount of damages, if any, to which the plaintiff was entitled.

The defendant excepted to these instructions, and now insists that it was not determined in the decree that there was a natural water-course over the defendant's land; and it is claimed that the evidence in the case, at best, shows that the water, the flow of which is complained of, was nothing but surface water. We think this claim cannot be sustained under the record and decree in the injunction suit.

It appears to us to be beyond question that the court in its instructions properly and correctly construed the decree. It cannot fairly be claimed that the court, in the language of the decree, in describing a "water channel," and the natural flow of water therein, and the "natural channel," meant thereby to be understood as describing the course and flow of mere surface water. And all the evidence introduced in the case at bar upon the question as to the character of the water course, whether that of a natural stream or a mere surface-water channel, was wholly immaterial, because that question was adjudicated in the former action.

Next, it is claimed that the decree did not establish the fact that the water-course was wrongfully diverted by defend-

2. FORMER adjudication: what facts established by.

ant to and upon plaintiff's land. We think it did so determine. It found that the equity of the case was with the plaintiff, which was equivalent to finding that the allegations of his petition necessary to maintain the action were true. But it is urged that, because there were no damages awarded to the plaintiff in the former action, the court must have determined that the water-course had not been wrongfully diverted by the defendant. This conclusion does not follow. It may be that the plaintiff did not

introduce evidence of special damages. But, whether he did or not, he was not entitled to a decree for costs and for an injunction, without proving that the defendant had wrongfully diverted the water.

It is further claimed that the damages for the wrongful acts complained of are in their nature entire, and that, as plaintiff claimed damages in the former action, the adjudication in that case is a bar to all claim for damages afterwards sustained. This position does not appear to us to be tenable. The decree is a sufficient answer to it. The injunction resting upon the defendant under the decree was not merely negative and prohibitory in its character. It was also affimative and mandatory. It was the defendant's duty thereunder to cease the obstruction of the original channel of the water-course. This he could only accomplish by opening the original channel and causing the water to flow therein, instead of flowing over and across plaintiff's land.

*3. WATER-courses : action to restrain diversion of and for damages: no bar to second action: res adjudicata.*

For a violation of this injunction, by refusing to obey the mandate, he was liable for all damages which the plaintiff might thereafter sustain. And, as the evidence conclusively shows that defendant made no effort to obey the injunction, the court correctly instructed the jury that the only question for determination was the amount of damages, if any, to which the plaintiff was entitled. Of course, the jury understood therefrom that the damages to be awarded were such as were caused by the wrongful acts of the defendant, and not damages arising from other causes.

The court instructed the jury to the effect that, if a reasonable expenditure of money and labor would have protected plaintiff's land from the injury complained of, he should have prevented said injury by protecting himself. It is claimed that the jury should have found that the damage might have been avoided under this instruction. We do not think we should interfere with the verdict upon this ground. The

question was fairly submitted to the jury, and we think the evidence was not such as to require a finding that the plaintiff should have himself repaired the injury. We find no error in the record, and unite in the conclusion that the judgment should be

AFFIRMED.